C. Bradford Marsh, Chair, Review Panel, Atlanta, Other Party Representation.
 

 PER CURIAM.
 

 These disciplinary matters are before the Court on the State Bar's issuance of two Notices of Discipline for disbarment against Respondent Kim L. King based on King's violations of Rules 1.2; 1.3; 1.4; 1.15(I); 8.4; and 9.3, all a part of Bar Rule 4-102(d) of the Georgia Rules of Professional Conduct. The maximum sanction for a violation of Rule 1.2; 1.3; 1.15(I); or 8.4(a)(4) is disbarment while the maximum sanction for a violation of Rule 1.4 or 9.3 is a public reprimand. Although King was served with the Notice of Investigation in each of these matters, she did not file a response. After the DeKalb County Sheriff's Department returned an affidavit of service non est inventus, King was served with both Notices of Discipline by publication on April 29, 2004 and May 6, 2004; the State Bar also contemporaneously with publication mailed a copy of the service documents by first class mail to King's address as shown on the records of the Membership Department of the State Bar pursuant to Bar Rule 4-203.1(b)(3)(ii). Pursuant to Bar Rule 4-208.3, King had 30 days from May 6, 2004 to reject the Notices of Discipline, which she failed to do.
 

 In Case No. S04Y1024 (SDB Docket No. 4663), King was hired in or about February 2002 by two clients to represent them in the purchase of a business and the clients subsequently gave King $20,000 to hold in trust while they negotiated the terms of the purchase. In or about January 2003, the clients directed King to terminate the business purchase and King told them that she would draft the appropriate documents. However, King failed to draft the documents; failed to return calls from the clients regarding the return of the $20,000; converted the funds to her own use and failed to account for the use of the funds; and only returned $5,000 of the $20,000 the clients entrusted to her. Based on this conduct, the State Bar concluded that King violated Bar Rules 1.3; 1.4; 1.15; 8.4; and 9.3, all a part of Bar Rule 4-102(d), of the Georgia Rules of Professional Conduct. In aggravation of discipline, the State Bar noted King's failure to respond to the Notice of Investigation and to a State Disciplinary Board subpoena requesting bank records relevant to the instant case and that King's conduct in this case and in SDB Docket No. 4664 suggested a pattern of theft and client deceit.
 

 In Case No. S04Y1025 (SDB Docket No. 4664), King was hired by a client in or about May 2002 to represent him in a personal injury action. After settling the matter without the client's authority, King received the settlement funds on the client's behalf; failed to notify
 

 **385
 

 the client of receipt of the funds; forged the client's signature on the settlement check and converted the funds to her own use; failed to account to the client for her use of the settlement funds; and told the client that she had paid his medical providers when she had not done so. Based on this conduct, the State Bar concluded that King violated Rules 1.2; 1.3; 1.4; 1.15(I); 8.4; and 9.3, all a part of Bar Rule 4-102(d) of the Georgia Rules of Professional Conduct. In aggravation of discipline, the State Bar noted that King failed to respond to the Notice of Investigation in this matter and that the allegations in this matter and in SDB Docket No. 4663 suggested a pattern of theft and client deceit.
 

 *638
 
 We have reviewed the record in each of these matters and agree with the State Bar that disbarment is appropriate. Accordingly, King hereby is disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219(c).
 

 Disbarred.
 

 All the Justices concur.